UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

FILED

2008 MAY -6  A 11: 26

U.S. DISTRICT COURT
EASTERN ... ... ...
... ... ... T. CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1: 90-CR-155-001 |
| | ) | *Judge Edgar* |
| | ) | |
| RONALD LAVON JONES | ) | |

## MEMORANDUM AND ORDER

Defendant Ronald Lavon Jones has filed a motion [Doc. No. 68] pursuant to 18 U.S.C § 3582

(c)(2) to modify and/or correct his sentence. He asserts that his sentence should be reduced because

of the retroactive crack cocaine amendments to the Sentencing Guidelines. Amendment 706, as

amended by Amendment 711, and made retroactive effective March 3, 2008, by the United States

Sentencing Commission.

On June 24, 1991, this Court sentenced defendant to 270 months in custody of the Bureau

of Prisons on cocaine base and firearms offenses. This sentence was at the low end of the applicable

guidelines range (270-322 months). However, his guideline range was determined not by the

cocaine base offense levels, but by his status as an armed career criminal under 18 U.S.C. § 924(e)

and U.S.S.G. § 4B1.4.

The retroactive cocaine base guidelines amendment does not alter the guideline range

applicable to the defendant. Since the sentencing guideline range has not been lowered, a reduction

of the defendant's sentence is not authorized by the cocaine base amendment. U.S.S.G. § 1B1.10

(a)(2)(B).

For the above reasons, the defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) to modify

1

and reduce his sentence [Doc. No.68] is **DENIED**.

SO ORDERED.

ENTER this the 5th day of May, 2008.


_____/s/ R. Allan Edgar_____

R. ALLAN EDGAR

UNITED STATES DISTRICT JUDGE